# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| Patrick Bodie, | ) | |
| Plaintiff, | ) ) ) | Civil Action File No.: |
| v. | ) ) ) | |
| Debt Recovery Solutions, LLC, | ) ) | **COMPLAINT WITH** <u>**JURY TRIAL DEMAND**</u> |
| Defendant. | ) ) ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and for violations of the Georgia Fair Business Practices Act (GFBPA), O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1. Plaintiff, Patrick Bodie, is a natural person who resides in Whitfield County, Georgia.

2. Defendant, Debt Recovery Solutions, LLC, is a limited liability company formed under the laws of the State of New York and not registered to do

1

business in Georgia. Defendant may be served with process via its corporate office at 6800 Jericho Turnpike, Suite 113E Syosset, New York 11791.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in Rome Division because Plaintiff resides in Whitfield County which is in the Rome Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a medical visit in 2015 and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In April of 2020, Plaintiff called Defendant in response to the collection contacts from Defendant.

13. When Plaintiff identified himself on the phone call, the Defendant's representative told Plaintiff the account was for a medical visit in April of 2015.

14. During the course of the call with Defendant's agents, Plaintiff asked if there were any negative consequences to making partial payments.

15. The account reported by the Defendant and in collection is a consumer account thus an open account subject to a statute of limitations of four years per O.C.G.A. § 9-3-25.

16. Making partial payments toward the balance owed would restart the statute of limitations which had already passed, much to the Plaintiff's detriment.

17. Defendant stated that there would be "nothing negative about making payments on this account."

18. Defendant did not inform Plaintiff that making payments would restart the statute of limitations.

19. Defendant's statements were false, deceptive, and misleading communications which stated that there would be no negative implications for the Plaintiff if he made partial payments on the debt.

20. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

## **INJURIES-IN-FACT**

21. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

22. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

23. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

24. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

25. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

26. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry.

# CAUSE OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

28. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

30. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

31. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-

average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

32. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

33. Defendant's failure to disclose that making payments on his debt would restart the statute of limitations which had already passed was a false, deceptive, or misleading representation.

34. If Defendant made payments on the debt, it would restart the statute of limitations for the account in which the applicable statute of limitations had passed.

35. Defendant's communications were in violation of 15 U.S.C. §§ 1692e and e(2)(A), among others.

36. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

**VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT**

## O.C.G.A. § 10-1-390, *et seq.*

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

38. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

39. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

40. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

41. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

42. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

43. Defendant's conduct has implications for the consuming public in general.

44. Defendant's conduct negatively impacts the consumer marketplace.

45. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner*, 288 Ga. App. 457, 459 (2007).

46. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

47. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

48. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

50. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

51. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 21st day of May, 2020.

**BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

/s/ Chris Armor
Christopher N. Armor
Georgia Bar No. 614061

P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys